IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  08-cv-00602-RPM

KIMBERLY S. PLOUGHE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER AFFIRMING DECISION
_____

       The application of Kimberly S. Ploughe for disability insurance benefits under the Social Security Act was denied based on the decision of an administrative law judge (ALJ) dated June 9, 2007.  In her complaint for review under 42 U.S.C. §405(g) Ms. Ploughe contends that the ALJ improperly rejected the functional capacity evaluation made by a physical therapist on October 27, 2004, upon referral from treatment providers at Denver Pain Management, three days before the alleged onset date of her claimed disability, November 1, 2004.  The plaintiff also contends that the ALJ failed to give controlling weight to the views of her treating psychologist, Patrick Vann, Ed. Ph.D. and made a determination of the claimant's credibility that was not supported by substantial evidence.

       The medical records for Ms. Ploughe show that she has had a long history of efforts to relieve pain resulting from back injuries sustained in 1994, for which she had surgeries in 1994 and 1995.  The surgeries failed to relieve her from chronic low back pain radiating into her left leg. The Functional Abilities Evaluation report of Jacqueline E. Boudreau,, MSS, PT, appears in

the record at R.209-217.  Testing results showed some symptom magnification but overall the evaluator opined that the results of the assessment were a true indication of her present physical abilities.

The ALJ did not accept the results of this evaluation as dispositive because of the indication of  "submaximal effort at times". R.23.  The plaintiff asserts that was an incorrect reading of the evaluation and fails to accept the evaluator's overall conclusion.  While that is true, the conclusions reached that Ms. Ploughe could perform less than a full range of sedentary work, is not determinative of the question of twelve months of disability in that the evaluation was made before the extensive treatment provided at the pain management facility of Boulder Community Hospital under the supervision of Dr. Vann.

Dr. Vann diagnosed the claimant with opiate dependence and initially gave her a GAF rating of 45.  She had earlier been seen by Dr. Cambe in December, 2004 at the Mapleton Pain Clinic.  Dr. Vann completed Medical Source Statement (Mental) on June 26, 2006. R.406-412.  He expressed his opinion that Ms. Ploughe had marked limitations in most areas and wrote "depression" in the evaluation of her condition and assessed her GAF at 60.

The ALJ gave little weight to Dr. Vann's opinions and found that the evaluation was contrary to his own treatment notes and inconsistent with other medical records.  The ALJ was supported by the testimony of Dr. Nancy Winfrey, MD, who testified at the hearing on May 17, 2007.  Dr. Winfrey interpreted the medical records from her perspective and expressly discussed Dr. Vann's ratings.

Essentially, this case turns on the credibility of Ms. Ploughe both with respect to her testimony at the hearing and throughout the course of her treatment.  The plaintiff challenges the

credibility determination made by the ALJ as not supported by the medical records. The medical records, however, is itself largely the subjective complaints made by the patient. The ALJ gave specific reasons for his credibility determination, including the plaintiff's criminal record. Credibility is a matter within the fact finding province of the ALJ and there is no sufficient basis for this Court's rejection of his determination.

The record in this case does provide evidentiary support for the denial decision and there was no legal error shown. Accordingly, it is

ORDERED that the decision is affirmed.

DATED: October 19th , 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge